IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ANDRE PELE JORDAN,** : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | |
| : No. 5:20-cv-00232-MTT-MSH |
| **WILLIAM BARR,** : | |
| : | |
| Defendant. : | |

## ORDER

Pro se Petitioner, Andre Pele Jordan, who is currently incarcerated in the Bibb County Law Enforcement Center in Macon, Georgia, has filed an action against United States Attorney General William Barr.[1]  Pet. for Writ of Habeas Corpus. 1, ECF No. 1. He also filed a motion to proceed *in forma pauperis*.  Mot. to Proceed *In Forma Pauperis*, ECF Nos. 2.  As discussed below, Petitioner's motion to proceed *in forma pauperis* is now **GRANTED** and Petitioner's complaint is **DISMISSED** as frivolous under 28 U.S.C. § 1915A(b)(1).

---

[1] Petitioner's intended cause of action is not clear, as Plaintiff labeled his pleading an "Affidavit," and he did not file it on any of the standard forms.  The clerk of court initially docketed the action to as a petition for a writ of habeas corpus, but the pleading does not appear to challenge the validity of Petitioner's current incarceration.  Thus, the case has been categorized as a 42 U.S.C. § 1983 case.  Notably, the only named defendant, William Barr, is employed by the Federal Government.  Thus, it could be that Petitioner seeks to bring an action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Regardless of whether this matter is characterized as § 1983 action, a *Bivens* action, or some other civil action, it is a frivolous civil action filed by a prisoner that must be dismissed in accordance with 28 U.S.C. 1915A(b)(1).

I. **Motion to Proceed *In Forma Pauperis***

Any court of the United States may authorize the commencement a civil action, without prepayment of the required filing fee (*in forma pauperis*), if the Petitioner shows that he is indigent and financially unable to pay the court's filing fee. *See* 28 U.S.C. § 1915(a). As permitted by this provision, Petitioner has moved for leave to proceed *in forma pauperis* in this case. Mot. For Leave to Proceed *In Forma Pauperis*, ECF No. 2; Prisoner Trust Fund Account Statement, ECF No. 7. Accordingly, because Petitioner's filings show that he is unable to prepay any portion of the filing fee, Petitioner's motion to proceed *in forma pauperis* is **GRANTED**.

Petitioner is, however, still obligated to eventually pay the full balance of the filing fee, in installments, as set forth in § 1915(b). The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if Petitioner's complaint is dismissed prior to service. For this reason, the **CLERK** is **DIRECTED** to forward a copy of this Order to the business manager of the facility in which Petitioner is incarcerated so that withdrawals from his account may commence as payment towards the filing fee, as explained below.

A. Directions to Petitioner's Custodian

Because Petitioner has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the **CLERK** of this Court twenty percent (20%) of the preceding month's income credited to Petitioner's trust

account at said institution until the $350.00 filing fee has been paid in full.  The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00.  The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of Petitioner's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B.  Petitioner's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Petitioner is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Petitioner of any balance due on these payments by any means permitted by law in the event Petitioner is released from custody and fails to remit such payments.  Petitioner's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

II. **Standard of Review and Analysis**

In accordance with the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. See 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the Petitioner is proceeding *in forma pauperis*.

Both statutes apply in this case, and the standard of review is the same.

When conducting preliminary screenings, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X*, 437 F.3d at 1110 (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b)(1)-(2).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citations omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks and citations omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a Petitioner must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.[2]  *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

Petitioner's complaint is rambling and incomprehensible.  In his "Statement of Claim" in the amended complaint, Petitioner's states that he "signed forms in paper mold therefore the documents cannot be so construed as to prejudice any claims of the United States or of any particular State."  Pet. for Writ of Habeas Corpus 1, ECF No. 1. Petitioner then goes on to discuss Congress's ability to pass laws and the proposal and ratification of Constitutional Amendments.  *Id.* at 1-2.  Petitioner next states, "[t]he activity involve me is espionage or sabotage and violate or envade [sic] laws in the United States of America," and then expresses that he wants to be deported and permanently banned from the United States.[3]  *Id.* at 2.  Petitioner also asserts that he is employed by

---

[2]To state a claim under *Bivens*, Petitioner would need to allege a federal actor's act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States.  403 U.S. at 389.

[3]Even if these statements were construed as challenging Petitioner's current incarceration, such that the pleading were to be considered as a petition for a writ of habeas corpus, it would be subject to dismissal on preliminary review under the Rules Governing Habeas Corpus Actions, which impose on federal district courts a duty "to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."  § 2254 Rules, R. 4 advisory committee's notes. Plaintiff's allegations are no less frivolous when considered under the habeas corpus statutes than they are when considering them as seeking other types of relief.

the Central Intelligence Agency.  *Id.*  Finally, he asks for "the Freedom of Information Act in [his] favor by giving the officer assigned for that a subpoena to appear in open court to prove my employment."  *Id.*

The liberal construction that applies to pro se pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios."  *Id*. at 328; *Denton v. Harnandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional).  Petitioner's factual allegations "rise to the level of the irrational or wholly incredible" and, therefore, his action is frivolous.  *Denton*, 504 U.S. at 33.

Finally, the Court also notes that Petitioner has in no way explained what United States Attorney General William Barr has to do with any of his allegations.  Accordingly, Petitioner's complaint is **DISMISSED WITH PREJUDICE** as frivolous.[4]  28 U.S.C. § 1915A(b)(1).

---

[4] The Court realizes that dismissal with prejudice under 28 U.S.C. § 1915A is "an extreme sanction to be exercised only in appropriate cases."  *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986).  This is an "appropriate case[]."  *Id*.  District courts have the inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties.  *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F2d 524, 526, 526 n.3 (11th Cir. 1983). This case qualifies for such treatment because Petitioner's allegations "'are clearly baseless and without arguable merit in fact.'"  *Jordan v. Central Intelligence Agency*, No. 5:18-cv-455 (MTT), ECF No. 4 (M.D. Ga. Dec. 5, 2018) (quoting *Bey v. Sec'y, U.S. State Dep't*, 2018 WL 3135153, at *3 (M.D. Fla. 2018)); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008)).

**SO ORDERED** this 20th day of August, 2020.

                                S/ Marc T. Treadwell
                                MARC T. TREADWELL. CHIEF JUDGE
                                UNITED STATES DISTRICT COURT